UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMALH ANTHONY WILSON,<br><br>                      Plaintiff,<br><br>    v.<br><br>YAKIMA POLICE DEPARTMENT et al,<br><br>                      Defendant. | NO. 1:23-CV-3073-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER |

BEFORE THE COURT is Plaintiff's Motion to Reconsider on Motion to Strike Answers to Amended Complaint (ECF No. 23). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiffs Motion to Reconsider (ECF No. 23) is DENIED.

A motion for reconsideration of a judgment may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255,

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ~ 1

1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to alter or amend a judgment. *United Nat. Ins. Co.*, 555 F.3d at 780 (quotation marks and citations omitted); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

Here, Plaintiff asserts that the Court should reconsider its previous order denying Plaintiff's Motion to Strike Answers to Amended Complaint with Affirmative Defenses (ECF No. 15). The Court denied Plaintiff's motion as untimely because it was filed before the Federal Rule of Civil Procedure 26(f) conference ("Rule 26(f)") initiating formal discovery. ECF No. 15. Per Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ~ 2

source before the parties have conferred as required by Rule 26(f) . . . or when authorized by these rules, by stipulation, or by court order."

Plaintiff argues that a series of email exchanges with the Defendants began the discovery process before the Rule 26(f) conference, and thus the Court's order is improper. ECF No. 23 at 3. Specifically, Plaintiff sent Defendants a set of interrogatories which were Defendants noted were not in compliance with Federal Rule of Civil Procedure 33(a)(1). ECF No. 23-1 at 8. Plaintiff corrected his interrogatories and sent them again to Defendants, with some additional discussion but no response to the questions. ECF No. 23-1 at 10. Additionally, Defendants provided via email a report from Yakima Police Sergeant Ritchie Fowler, which Plaintiff was waiting to receive through a Washington State Public Records Act request. ECF Nos. 23 at 1-2, 23-1 at 2 (Plaintiff refers to this process as "FOIA" which the Court takes to mean as a Freedom of Information Act request, however FOIA only applies to requests of federal government agencies. *See* 5 U.S.C. § 552). Plaintiff claims that these exchanges amount to a stipulation to begin discovery. ECF No. 23 at 3.

The Court is not persuaded. First, Plaintiff requested Sergeant Fowler's report through Washington State Public Records Act, which is separate from the discovery process. Wash. Rev. Code 42.56.070. Second, Defendants did not agree to stipulate that discovery was to start before the Court's hearing on September 14,

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ~ 3

2023. Plaintiff's interrogatories were improper at the time, because parties did not confer per Rule 26(f) which includes coming to an agreement about a discovery plan and submitting that plan to the Court. F.R.C.P. 26(F)(2). Therefore, the requirements of Rule 26(f) were not met, and discovery had not begun.

Plaintiff also contends that Defendants' pleading did not give proper notice. Plaintiff raises the same argument given in his initial Motion to Strike (ECF No. 15), claiming an incomplete pleading per *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff raises no new arguments or evidence regarding Defendants' pleadings, and thus the Court will not reconsider. *United Nat. Ins. Co.*, F.3d 772 at 780.

Plaintiff is free to seek interrogatories from Defendants per the rules of the Court's order on filed on September 14, 2023. ECF No. 25.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion Reconsider (ECF No. 23) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED October 6, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ~ 4