FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 28, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JAMALH ANTHONY WILSON,

               Plaintiff,

   v.

YAKIMA POLICE DEPARTMENT,
SERGEANT RITCHIE FOWLER,
AND CITY OF YAKIMA
WASHINGTON,

               Defendants.

NO. 1:23-CV-3073-TOR

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is Defendants' Motion for Summary Judgment. ECF No. 36. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendants' Motion for Summary Judgment is **granted**.

//

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 1

1

## I.    Undisputed Material Facts

2      On April 25, 2023 just before 9:00 a.m., Plaintiff Jamalh Wilson was driving

3   a semi-truck and trailer westbound on W. Washington Avenue while on its way to

4   make a delivery at the United States Postal Service on W. Washington Avenue in

5   Yakima, Washington.  As he passed the W. Washington Avenue bus stop at the

6   eastern edge of the Broadmoor Park mobile home park, and in an effort to alert

7   traffic behind him to "slow down and take caution," he activated his hazard lights

8   and began to straddle the two westbound lanes until he reached the next

9   Washington Avenue bus stop near the corner of Landon Avenue and W.

10  Washington, where he then began a "zigzagging" or "fish tailing" maneuver.  He

11  twice zigzagged between the two westbound lanes.  He maintained his hazard

12  lights while performing his zigzag maneuver.  He then made a right turn into the

13  service entrance of the Post Office.  Sgt. Ritchie Fowler of the Yakima Police

14  Department ("YPD") was also traveling westbound in his YPD vehicle on W.

15  Washington Avenue behind and simultaneously with Plaintiff and observed

16  Plaintiff's driving described above.  Sgt. Fowler turned into the customer parking

17  lot of the Post Office at or about the same time Plaintiff made his turn into the

18  service entrance.  Sgt. Fowler then approached Plaintiff's vehicle and made verbal

19  contact with the Plaintiff regarding the conduct of Plaintiff's driving.  Given the

20  erratic driving he observed, Sgt. Fowler wanted to confirm that the driver of the

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 2

truck was legally authorized to operate that vehicle.  During their interaction, Sgt.

Fowler demanded to see Plaintiff's identification.  Plaintiff refused to provide his

identification to Sgt. Fowler three times before eventually doing so.  At no time

during the interaction between Sgt. Fowler and Plaintiff did Sgt. Fowler use direct

physical force or make physical contact with Plaintiff, and neither did Sgt. Fowler

ever draw his firearm more than halfway out of his holster or point it at Plaintiff.

Defendants deny that Sgt Fowler ever removed his firearm to any degree

whatsoever.  During the interaction between Sgt. Fowler and Plaintiff, Sgt. Fowler

verbally threatened that he would arrest the Plaintiff unless he provided his

identification.  Except for Sgt. Fowler's threat that Mr. Wilson could be arrested,

Sgt. Fowler did not otherwise verbally threaten Plaintiff.  Sgt. Fowler gave

Plaintiff a verbal warning regarding the conduct of his driving.  See ECF No. 37.

Plaintiff does not dispute these material facts.  ECF Nos. 42, 43.  Plaintiff's

response and pleading are replete with irrelevant and immaterial allegations.

## II.    Motion for Summary Standard

The Court may grant summary judgment in favor of a moving party who

demonstrates "that there is no genuine dispute as to any material fact and that the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling

on a motion for summary judgment, the court must only consider admissible

evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 3

1   The party moving for summary judgment bears the initial burden of showing the

2   absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

3   317, 323 (1986). The burden then shifts to the non-moving party to identify

4   specific facts showing there is a genuine issue of material fact. *See Anderson v.*

5   *Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla

6   of evidence in support of the plaintiff's position will be insufficient; there must be

7   evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

8       For purposes of summary judgment, a fact is "material" if it might affect the

9   outcome of the suit under the governing law. *Id*. at 248. Further, a dispute is

10  "genuine" only where the evidence is such that a reasonable jury could find in

11  favor of the non-moving party. *Id*. The Court views the facts, and all rational

12  inferences therefrom, in the light most favorable to the non-moving party. *Scott v.*

13  *Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted

14  "against a party who fails to make a showing sufficient to establish the existence of

15  an element essential to that party's case, and on which that party will bear the

16  burden of proof at trial." *Celotex*, 477 U.S. at 322.

17  **III.   Discussion**

18      First, Plaintiff contends his Fourth Amendment rights were violated by his

19  encounter with Sergeant Fowler, his temporary detention, and excessive use of

20  force. *See* Amended Complaint, ECF No. 3 at 15-17.

1    Revised Code of Washington provides:

2    It is unlawful for any person while operating or in charge of any
     vehicle to refuse when requested by a police officer to give his or

3    her name and address and the name and address of the owner of
     such vehicle, or for such person to give a false name and address,

4    and it is likewise unlawful for any such person to refuse or
     neglect to stop when signaled to stop by any police officer or to

5    refuse upon demand of such police officer to produce his or her
     certificate of license registration of such vehicle, his or her

6    insurance identification card, or his or her vehicle driver's license
     or to refuse to permit such officer to take any such license, card,

7    or certificate for the purpose of examination thereof or to refuse
     to permit the examination of any equipment of such vehicle or

8    the weighing of such vehicle or to refuse or neglect to produce
     the certificate of license registration of such vehicle, insurance

9    card, or his or her vehicle driver's license when requested by any
     court.

10

11   RCW 46.61.020(1).  Plaintiff submitted a video of the entire encounter with

12   Sergeant Fowler.  ECF Nos. 41, 44.  Plaintiff was never seized, never taken into

13   custody and was only temporarily talked to by Sergeant Fowler.  Additionally, no

14   force was used against Plaintiff.  While Sergeant Fowler carried a firearm, he did

15   not remove the firearm from its holster and never pointed his firearm at the

16   Plaintiff.

17   Sergeant Fowler was performing his job, had a conversation with Plaintiff,

18   observed his license and provided a warning to Plaintiff before allowing him to

19   continue on his delivery.

20   Plaintiff's allegations that his Fourth Amendment rights were violated is

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 5

1  specious.  No violation has been shown.

2      Next, Plaintiff contends that he was deprived of his rights under 18 U.S.C. §

3  242 and RCW 9A.80.010.  *See* Amended Complaint, ECF No. 3 at 17-18.

4      These statutes are criminal statutes that do not apply to Plaintiff's lawsuit.

5  Plaintiff cannot initiate criminal charges, only the government may prosecute

6  crimes.  *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Criminal actions

7  in district court must be brought by the United States Attorney.  28 U.S.C. §

8  547(1); *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to

9  prosecute and what charge to file or bring before a grand jury are decisions that

10 generally rest in the prosecutor's discretion.").

11     Next, Plaintiff contends that Defendant committed emotional distress and

12 outrage, tort claims.  *See* Amended Complaint, ECF No. 3 at 18-19.

13     "The tort of outrage requires the proof of three elements: (1) extreme and

14 outrageous conduct, (2) intentional or reckless infliction of emotional distress, and

15 (3) actual result to plaintiff of severe emotional distress."  *Kloepfel v. Bokor*, 149

16 Wash.2d 192, 195 (2003).

17         [I]t is not enough that a 'defendant has acted with an intent
           which is tortious or even criminal, or that he has intended to
18         inflict emotional distress, or even that his conduct has been
           characterized by 'malice,' or a degree of aggravation which
19         would entitle the plaintiff to punitive damages for another tort.'
           Liability exists 'only where the conduct has been so outrageous
20         in character, and so extreme in degree, as to go beyond all

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 6

possible bounds of decency, and to be regarded as atrocious, and
utterly intolerable in a civilized community.'

*Grimsby v. Samson*, 85 Wash.2d 52, 59 (1975) (quoting Restatement (Second) of

Torts § 46 cmt. d).  Stated another way, conduct is actionable when "the recitation

of the facts to an average member of the community would arouse his resentment

against the actor and lead him to exclaim 'Outrageous!'"  *Browning v. Slenderella*

*Sys. of Seattle*, 54 Wash.2d 440, 448 (1959) (quoting Restatement of Torts § 46(g)

(Supp. 1948)).  "Consequently, the tort of outrage 'does not extend to mere insults,

indignities, threats, annoyances, petty oppressions, or other trivialities.'  In this

area plaintiffs must necessarily be hardened to a certain degree of rough language,

unkindness and lack of consideration."  *Kloepfel v. Bokor*, 149 Wash.2d at 196

(quoting *Grimsby v. Samson*, 85 Wash.2d at 59 (quoting Restatement (Second) of

Torts § 46 cmt. d) ).

Here, the Court finds as a matter of law that Plaintiff's allegations do not

support the tort of outrage.  Sergeant Fowler was performing his job and it was

Plaintiff who refused to comply at first.  After Plaintiff complied and received a

warning, he was free to leave without a ticket or anything else.

Finally, Plaintiff has not alleged any unconstitutional policies or customs

attributable to Defendants City of Yakima or the Yakima Police Department.

Plaintiff has presented no evidence to support municipal liability under 28 U.S.C.

§ 1983.  Therefore, all Plaintiff's claims against these Defendants are dismissed.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

The Defendants' Motion for Summary Judgment, ECF No. 36, is

**GRANTED**.  This case is **DISMISSED** with prejudice.

The District Court Executive is directed to enter this Order and Judgment,

furnish copies to the parties, and **CLOSE** the file.

DATED February 28, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 8